UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

21-MJ-00014 (GMH)

ANTHIME GIONET,

    Defendant

### DEFENDANT'S RESPONSE TO COURTS JUNE 1, 2021, ORDER

    A PSA was filed May 28, 2021, requesting a modification of Mr. Gionet's release conditions. **The request is not based upon any actual violation of Mr. Gionet's release conditions.** Unfortunately, the probation officer making the request has grossly mischaracterized Mr. Gionet's actions. Specifically, Mr. Gionet was not agitating members of the public. There is not one moment in the video in which Mr. Gionet approaches a member of the public and agitates them. The report indicates that Mr. Gionet was uncooperative with law enforcement and misleads this Court by not being clear that it was Mr. Gionet who contacted police after he was assaulted. The title of the video disclosed to defense literally reads, "Baked Alaska Calls Cops…"

    The government is correct in their response that Mr. Gionet was streaming to bring in revenue for his long-established career doing so. This counsel fails to distinguish between mainstream media who puts out or generates content solely for the purpose of raising money though ad sales and Mr. Gionet's attempts to do the same. Counsel for defense had relayed this

1

information to the Court in the motion to modify the release conditions that was filed on March 26, 2021.  Earlier in Mr. Gionet's career he generated content for Buzzfeed for the purpose of raising revenue.  He now does the same for himself, on his own.  Like mainstream media, creating content is how he makes a living.  Often what is streamed is scripted and much like comedy, the creative content cannot be taken as real to life in every instance.

Concerning is the governments incorrect assertion that Mr. Gionet was in his vehicle with a drunk driver.  Counsel believes the government did not purposely make a misstatement but may have misconstrued what is in the video.  The only person who had been drinking was the person who assaulted Mr. Gionet and that person was in the back of the car.  Neither Mr. Gionet nor the driver of the vehicle drink alcohol, at all.  Therefore, there was no drunk driver.

Frankly, it is asinine that the request from probation is to request more strict release restrictions then Mr. Gionet has ever had (even from the initial release conditions) due to NO violation of his release conditions.  Counsel would posit to this Court what the point of having release conditions is for if a defendant is going to be violated for not actually violating them.

It is a violation of Mr. Gionet's Due Process rights to have his freedom restricted for something that he had no notice he was not allowed to do.  It is neither fair nor good precedent to request of a defendant to "stay within the proverbial lines" then punish him when he has done so.  "The essence of due process is the requirement that "a person in jeopardy of serious loss be given notice of the case against him and the opportunity to meet it."  Mathews v. Eldridge, 424 U.S. 319, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976).  The United States Court of Appeals in the Fifth Circuit addressed vagueness in regard to release conditions. Due Process

"vagueness" principle, that statute may not be so vague that it fails to give ordinary people fair notice of the conduct it punishes or so standardless that it invites arbitrary enforcement, applies with equal force to supervised release conditions.  See United States v. Abbate, 970 F.3d 601 (5th Cir. 2020), cert. denied, No. 20-6923, 2021 WL 1951889 (U.S. May 17, 2021).

The United States Court of Appeals, Second Circuit also addressed this issue and stated in pertinent part, "A condition of release must provide a probationer with conditions that are sufficiently clear to inform him of what conduct will result in his being returned to prison, and violates due process if men of common intelligence must necessarily guess at its meaning and differ as to its application…"  United States v. Green, 618 F.3d 120, 122 (2d Cir. 2010). Similarly, in U.S. v. Reeves, 591 F.3d 77, 80 (2nd Cir. 2010), the court, in determining what a condition demanded in that matter stated, "[W]e must determine what the condition actually means.  If a condition, however well-intentioned, is not sufficiently clear, it may not be imposed."

Here, the awkward position we find ourselves in is that we are not even addressing whether there was vagueness to a purported violation of a release condition.  Instead, we are addressing a request to violate for no violation of any release condition.  Mr. Gionet has complied with all his conditions of release.  Like in a civil setting, it can be said, there are no disputes about material facts regarding whether or not Mr. Gionet has abided by the rules set forth for him.  All parties expressly agree there have been no violations.  This request to restrict Mr. Gionet's release conditions would not survive a motion for summary judgement. To be sure, we are not in a civil setting, however, the premise is the same.  There can be no

Case 1:21-mj-00014-GMH   Document 29   Filed 06/03/21   Page 4 of 4

adverse actions to Mr. Gionet's freedom when the agreement is that he has not committed any actions in violation of what this Court has previously ordered Mr. Gionet to comply with.

In conclusion, we would respectfully request that the current probation officer be censured from making such requests when there was clearly no violation by the defendant. To allow requests such as this to be entertained is a waste of this courts resources as well as the time of all the parties involved.  We respectfully request that Mr. Gionet's release conditions remain as they have been.  At such time, if ever, Mr. Gionet actually violates a condition, the Court has full authority to reprimand Mr. Gionet as may be deemed necessary or proper.

Respectfully submitted this 3rd day of June 2021.

**THORNLEY LAW FIRM**

/s/Zachary Thornley
Arizona State Bar No: 032363
Thornley Law Firm
1650 N. Dysart Rd. Suite 4
Goodyear, AZ. 85395
ATTORNEY FOR DEFENDANT

4